# United States District Court

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA
U. S. DISTRICT COURT
v.
Eastern District of Louisiana

BAO NGUYEN
5026 MICHOUD BLVD
NEW ORLEANS, LA 70129

FILED AUG 2 0 2005

LORETTA G. WHYTE
Clerk BB

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-164 MAG

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about ___August 19, 2005___ in ___Orleans Parish___ county, in the ___Eastern___ District of ___Louisiana___ defendant(s) did, (Track Statutory Language of Offense)

knowingly and intentionally combine, conspire, confederate and agree with another to possess with the intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine

in violation of Title ___21___ United States Code, Section(s) ___841(A)(1) , (b)(1)(B) and 846___ .

I further state that I am a(n) ___DEA Special Agent___ and that this complaint is based on the following
Official Title

facts:

See Attached Affidavit

___Fee_____
___Process_____
_X_Dktd_____
_X_CtRmDep_____
Doc. No._____

Continued on the attached sheet and made a part hereof:   ☒ Yes   ☐ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

08-20-2005                                           at                      Metairie, Lousiana
Date                                                                          City and State

Daniel E. Knowles, III
United States Magistrate Judge
Name & Title of Judicial Officer                                        Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Carter D. Mansfield, being duly sworn, do depose and state the following:

Your affiant, Special Agent Carter D. Mansfield, has been a Special Agent with the Drug Enforcement Administration (DEA) since September, 1997. Your affiant received a Bachelor of Arts degree in Criminology and Law from the University of Florida in May, 1992. In January, 1990 through June, 1990, your affiant attended the police academy at the Institute of Public Safety, located in Gainesville, Florida. Following the completion of this academy, your affiant became a certified police officer in the State of Florida. From August, 1990 through May, 1992, your affiant worked as a police officer for the University of Florida Police Department. From September, 1993 through September, 1997, your affiant worked as a police officer for the Gainesville Police Department. From July, 1996 through September, 1997, your affiant was assigned to the 8th Judicial Circuit Special Investigations Unit (SIU) which specialized in the investigation of narcotic and vice violations of local and state law. During my local law enforcement career, I have arrested numerous individuals for violations of State of Florida drug statutes.

In September, 1997 through January, 1998, your affiant attended basic agent training with the Drug Enforcement Administration, located in Quantico, Virginia. In September of 1998, your affiant attended Clandestine Laboratory School in Portland, Oregon. The Clandestine Laboratory School concentrates on detection and investigation of clandestine laboratories that include but are not limited to the manufacturing of methamphetamine, designer drugs (i.e. MDMA, GHB), LSD, heroin, cocaine, and PCP. During the course of my career with DEA, I have received specialized training in drug law enforcement, and I am familiar with the methods used by drug traffickers to import, transport, and distribute illicit drugs as well as launder monies obtained as a result of drug trafficking.

The facts outlined below offered in support of this complaint are based upon the personal knowledge of your affiant and information relayed to me by other investigating agents from DEA and the United States Postal Inspection Service

Arrested Subject: NGUYEN, Bao Duy A/M 05-25-1982, 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 (Citizen of Vietnam)

On August 19, 2005, a United States Postal parcel was exposed to a certified drug detection dog named "Floyd" at the New Orleans Postal Inspection Service Field Office. "Floyd" is handled by Jack Lee, Canine Enforcement Officer, with U. S. Customs and Border Protection. Officer Lee advised your affiant that "Floyd" alerts to the presence of marijuana, cocaine, hashish, heroin, methamphetamine and ecstasy. "Floyd" conducted an exterior examination of U. S. Postal Service Express Mail Parcel Number EQ 101665441 US addressed to Bao NGUYEN, 5026 Michoud Blvd, New Orleans, LA 70129. The Express Mail label affixed to the parcel listed "Toylet Collectibles, 4520

1

Baldwin Avenue, El Monte, California 91731" as the sender of the parcel to NGUYEN. Officer Lee advised your affiant that he is very familiar with "Floyd's" actions and is certain "Floyd" alerted positive to the presence of drugs in the subject parcel. Investigation by the United States Postal Inspection Service revealed that Andy Huynh mailed the above-described parcel at the same time a second parcel was mailed to 7 Whitworth Avenue, Paoli, Pennsylvania. That second parcel was opened pursuant to a federal search warrant in Pennsylvania on August 19, 2005 and found to contain approximately one kilogram of methamphetamine.

On August 19, 2005, a federal search was applied for and granted by U.S. Magistrate Judge Louis Moore Jr. Upon opening the package, Drug Enforcement Administration (DEA) Agents in New Orleans, LA discovered approximately 456.5 grams of crystal methamphetamine. A field test was performed on the suspected methamphetamine with a positive result indicating the presence of methamphetamine. Following the confirmation of the presence of methamphetamine, on August 19, 2005 at 4:00 p.m., a court order was applied for and granted for the installation of a tracking and intrusion device in the package. A representative sample of the crystal methamphetamine was placed in a sealable plastic bag, rolled up, secured with liberal amounts of scotch tape, and placed back in the parcel. At the same time the tracking device order was granted, an anticipatory search warrant was granted by U.S. Magistrate Judge Moore for NGUYEN's residence, 5026 Michoud Blvd, authorizing the search of 5026 Michoud Blvd in the event the package was brought into the residence. During surveillance of 5026 Michoud Blvd on August 19, 2005, surveillance agents observed a vehicle with a Pennsylvania license plate parked at 5026 Michoud Blvd. A check of the Pennsylvania license plate revealed that it was registered to 7 Whitworth Avenue, Paoli, Pennsylvania.

On August 19, 2005, an undercover U.S. Postal Inspector delivered the package to 5026 Michoud Blvd., New Orleans, LA. The Inspector encountered NGUYEN in the driveway of the residence. When asked, NGUYEN said he was the recipient of the package and signed for the package. NGUYEN took the package inside the residence and departed without the package. The package was not opened at that time and surveillance was maintained on the residence. NGUYEN returned a short time later with a second male identified as Hung Pham. Upon entering the residence, the transmitter in the package stopped operating. After the transmitter stopped operating, Agents made entry into the residence and located NGUYEN and Pham inside.

2

     Upon questioning after being advised of his Miranda Rights, NGUYEN stated he was the recipient of and signed for the package. NGUYEN claimed he didn't know what was in the box and claimed he through everything in the box in the kitchen trashcan. The subject parcel was located in the kitchen trashcan. The tracking device was located in NGUYEN's bedroom having been ripped out of the box and disconnected from the battery pack. The representative sample of crystal methamphetamine could not be located. The sealable plastic bag which contained the methamphetamine was located in the kitchen trash can having been opened, but all the scotch tape had been removed and was gone.

 

_____
Special Agent Carter D. Mansfield
Drug Enforcement Administration


Sworn to and subscribed before me this 20th day of August, 2005

_____
Daniel E. Knowles, III
United States Magistrate Judge
Eastern District of Louisiana

3